UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BONNIE GILBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| NATIONAL GENERAL ASSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

**INDEX OF MATTERS BEING FILED**

Pursuant to Rule 81 of the Local Rules of the United States District Court for the Southern District of Texas, the following is an index of matters being filed in this case:

1.   **Exhibit A:**   **Index of Matters Being Filed**

2.   **Exhibit B:**   **Docket Sheet**

3.   **Exhibit C:**   **Plaintiffs' Original Petition and Request for Disclosure**

4.   **Exhibit D:**   **Request for Issuance of Citation**

5.   **Exhibit E:**   **Return receipt from National General Assurance Company**

6.   **Exhibit F:**   **Defendant National General Assurance Company's Original Answer**

7.   **Exhibit G:**   **List of Parties and Counsel**

**EXHIBIT A**



**Search** | **Case History** | **Parties** | **Attorneys** | Home | Log Out

All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

Check out our new affordable subscription plans at
iDocket.com

View Case Track™     Start Case Track™

Civil Docket; Case S-19-5573CV-C; Contract - Other
Bonnie Gilbertvs.National General Assurance Company
Filed 06/06/2019 - Disposition:
343rd District Court, District Clerk, San Patricio County, Texas

Help

| Date | Description/Comments | Reference | Typ | Amount |
|------|---------------------|-----------|-----|--------|
| 06/06/2019 | Original Petition (OCA) PLAINTIFF'S ORIGINAL PETITION | | " | .00 |
| 06/06/2019 | Request PLAINTIFF'S FIRST SET OF INTERROGATORI ES, REQUESTS FOR PRODUCTION, AND REQUE STS FOR ADMISSION TO DEFENDEANT | | " | .00 |
| 06/06/2019 | Request Civil Process Request Form | | " | .00 |
| 06/12/2019 | Citation ISSD FOR NATIONAL GENERAL ASSURANCE CO MPANY-CALLED NARISSA ESPINAL | | " | .00 |
| 11/26/2019 | Return Return of Service | | " | .00 |
| 12/06/2019 | Answer DEFENDANT NATIONAL GENERAL ASSURANCE C OMPANY'S ORIGINAL ANSWER, SPECIAL EXCE PTIONS, AND AFFIRMATIVE DEFENSES | | " | .00 |

Search | Case History | Parties | Attorneys                    [ Return to Top ]
All | Motions | Orders | Answers / Citations | Other Documents / Actions | Costs | Payments | Ledger

© 1999 Solutions, Inc. All rights reserved.
Unauthorized access is prohibited. Usage will be monitored.
Agreements

User ID: tccidallas
Viewed as of: **December 13, 2019, time: 10:39:44**

EXHIBIT B

S-19-5573CV-C

CAUSE NO._____

| | | |
|---|---|---|
| BONNIE GILBERT, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | SAN PATRICIO COUNTY, TEXAS |
| | § | |
| NATIONAL GENERAL ASSURANCE | § | San Patricio County - 343rd District Court |
| COMPANY, | § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Bonnie Gilbert ("Ms. Gilbert"), Plaintiff herein, files this Original Petition against Defendant National General Assurance Company ("National") and, in support of her causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.     Bonnie Gilbert is a Texas resident who resides in San Patricio County, Texas.

2.     National is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at P.O. Box 3199, Winston Salem, NC 27102.

### II.
### DISCOVERY

3.     This case is intended to be governed by Discovery Level 2.

### III.
### CLAIM FOR RELIEF

Filed 6/6/2019 5:12 PM
Heather B. Marks
District Clerk
San Patricio County, Texas

Processed On: 6/10/2019 10:24 AM
By:Ruby Rodriguez, Deputy Clerk

1

EXHIBIT C

4.     The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.     Venue is proper in San Patricio County because all or a substantial part of the events or omissions giving rise to the claim occurred in San Patricio County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in San Patricio County.

## V.
## FACTUAL BACKGROUND

7.     Ms. Gilbert is a named insured under a property insurance policy issued by National.

8.     On or about August 22-29, 2017 Hurricane Harvey hit the Texas coast, inclduing the Aransas Pass, Texas area, damaging Ms. Gilbert's house and other property.  Ms. Gilbert subsequently filed a claim on her insurance policy.

9.     Defendant improperly denied and/or underpaid the claim.

10.     The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.     This unreasonable investigation led to the underpayment of Plaintiff's claim.

EXHIBIT C

12.     Moreover, National performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

**VI.**
**CAUSES OF ACTION**

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     National had a contract of insurance with Plaintiff.  National breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of National to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated Section 541.060 by:

    (1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

EXHIBIT C

    (2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.     Defendant violated Section 541.061 by:

    (1)     making an untrue statement of material fact;

    (2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)     making a material misstatement of law; and

    (5)     failing to disclose a matter required by law to be disclosed.

21.     Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

EXHIBIT C

**D.     Attorneys' Fees**

22.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

23.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because she is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

24.     Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

**VII.**
**CONDITIONS PRECEDENT**

25.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

**VIII.**
**DISCOVERY REQUESTS**

26.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

27.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

**EXHIBIT C**

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Bonnie Gilbert prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Ms. Gilbert be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. Gilbert may show herself to be justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah M. Wexler*
Noah M. Wexler
Texas State Bar No. 24060816
Roland Christensen
Texas State Bar No. 24101222
Jake Balser
Texas State Bar No. 24109155
Jacob Karam
Texas State Bar No. 24105653
Adam Lewis
Texas State Bar No. 24094099
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com

***ATTORNEYS FOR PLAINTIFFS***

EXHIBIT C

CAUSE NO._____

| | | |
|---|---|---|
| BONNIE GILBERT, | § | IN THE DISTRICT COURT OF |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | SAN PATRICIO COUNTY COUNTY, |
| | § | TEXAS |
| NATIONAL GENERAL ASSURANCE | § | |
| COMPANY, | § | |
| | § | |
|     Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMSSION TO DEFENDANT

To:    Defendant, National General Assurance Company, by and through its registered agent for service of process in the State of Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218

        COMES NOW Plaintiff in the above-styled and numbered cause, and serves the attached Interrogatories, Requests for Production, and Requests for Admission on National General Assurance Company ("Defendant" "National"). Plaintiff requests that Defendant (1) answer the following Interrogatories separately and fully in writing under oath within 30 days of service; (2) answer the Requests for Production separately and fully in writing under oath within 30 days of service; (3) answer the Requests for Admission separately and fully in writing under oath within 30 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through her attorneys of record, Arnold & Itkin, LLP, ARNOLD & ITKIN LLP, 6009 Memorial Drive, Houston, Texas 77007; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 30 days of service.

**EXHIBIT C**

You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.      You know the responses made was incorrect or incomplete when made; or

b.      You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

**EXHIBIT C**

## INSTRUCTIONS

A.  These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.  Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Arnold & Itkin, LLP.

C.  If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

1.  Identify the document's title and general subject matter;
2.  State its date;
3.  Identify all persons who participated in its preparation;
4.  Identify the persons for whom it was prepared or to whom it was sent;
5.  State the nature of the privilege claimed; and
6.  State in detail each and every fact upon which you base your claim for privilege.

D.  If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.  If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.  You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

1.  You know the response made was incorrect or incomplete when made; or
2.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

EXHIBIT C

## DEFINITIONS

A.  **"National", "Defendant," "You," "Your(s),"** refers to **National General Assurance Company**, its agents, representatives, employees and any other entity or person acting on its behalf.

B.  **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.  **"The Property(ies)"** refers to the property or properties located at the address covered by the Policy.

D.  **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.  **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.  **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.  **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.  **"Lawsuit"** refers to the above styled and captioned case.

I.  **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intra-office correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.  The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all non-identical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intra-office memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes,

EXHIBIT C

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or non-identical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or non-identical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.      The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.      The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.      The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1.  **Natural Persons:** Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
2.  **Corporate Entities:** Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
3.  **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
4.  **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
5.  **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.      The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral

EXHIBIT C

communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.     The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

**EXHIBIT C**

## INTERROGATORIES TO DEFENDANT NATIONAL

**INTERROGATORY NO. 1:**
Identify all persons answering or supplying any information in answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

    a.    their name and job title(s) as of the Date of Loss;
    b.    their employer; and
    c.    description of their involvement with Plaintiff's Claim.

**ANSWER:**

**INTERROGATORY NO. 3:**
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

    a.    the scope, cause and origin of the damages you contend are not covered losses under
          the Policy; and
    b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision
          regarding the Claim.

**ANSWER:**

**INTERROGATORY NO. 4:**
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

**ANSWER:**

**INTERROGATORY NO. 5:**
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

**ANSWER:**

**INTERROGATORY NO. 6:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

EXHIBIT C

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

    **ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

    **ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    **ANSWER:**

**EXHIBIT C**

## REQUESTS FOR PRODUCTION TO DEFENDANT NATIONAL

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3
Produce the complete Claim File including all documents, notes, comments, and communications regarding the Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 7
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

### RESPONSE:

EXHIBIT C

**REQUEST FOR PRODUCTION NO. 8**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

EXHIBIT C

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Please produce the Claims Core Process Review in effect during the handling of the claim made the basis of this lawsuit.

EXHIBIT C

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Please produce all versions of the Claims Core Process Review in effect for the three years preceding the handling of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
For any changes made in the last three years to your Claims Core Process Review, please produce all documents, supporting information, research, studies and communications regarding such changes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Any requests for information by the Texas Department of Insurance to Defendant and any response to such request by Defendant to the Texas Department of Insurance regarding claims arising out of Hurricane Harvey storm.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
All documents sent to, or received by Defendant from the Texas Department of Insurance, the Texas Insurance Commissioner and/or their agents, relating to the handling of hail and/or windstorm claims within the last three (3) years.  This request includes all bulletins received by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
All advertisements, marketing or promotional items that addressed the handling of hail and/or windstorm claims, published, used and/or distributed by Defendant in Fort Bend County within the last three (3) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Your written procedures or policies that pertain to the handling of windstorm and/or hail claims in Texas.

**RESPONSE:**

EXHIBIT C

**REQUEST FOR PRODUCTION NO. 28**
For any changes made in the last three years to your written procedures or policies pertaining to the handling of windstorm and/or hail claims in Texas, please produce all documents, supporting information, research, studies and communications regarding such changes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Any document setting forth Defendant's criteria and methodology used in determining whether and how to apply depreciation on hail and/or windstorm claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Any document setting forth Defendant's criteria and methodology used in determining whether to replace the drip edge on a roof when Defendant has estimated a roof replacement on a hail and/or windstorm claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Any document setting forth Defendant's criteria and methodology used in determining the applicability of overhead and profit in the preparation of estimates for hail and/or windstorm claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
All service agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) or entity(ies) who handled the claim made the basis of the lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Any document setting forth how Defendant compensated the adjuster and other individuals who handled Plaintiffs' claim made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Any document related to performance-based pay or incentive-based pay programs that Defendant offers to adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

EXHIBIT C

**REQUEST FOR PRODUCTION NO. 35**
Any document related to standards by which Defendant evaluates the performance of adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
Any document related to how Defendant issues pay raises and bonuses to adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**
Any document referencing "customer-payment goals" sent by Defendant to claims office managers regarding hail and/or windstorm claims in Texas during the time period of August 1, 2016 through February 20, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39**
Any document setting forth Defendant's criteria and methodology used to determine when it is appropriate to invoke appraisal on a hail/windstorm claim in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40**
Any document setting forth Defendant's criteria and methodology used to determine what items contained within an appraisal estimate and/or appraisal award should be covered and paid for by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41**
Any and all communications between Defendant and any third party during the claims handling process of the claim made the basis of this lawsuit.

**RESPONSE:**

EXHIBIT C

**REQUEST FOR PRODUCTION NO. 42**
Produce all documents evidencing any incentives, financial or otherwise, provided to adjusters responsible for handling claims related to this loss, and this storm event.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43**
Produce all communications between any National representative and any adjuster handling a claim pertaining to this storm event, related to the company's loss ratio.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44**
Please produce all documents related to National's Claims Core Process Review, including any such training material provided to adjusters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45**
Please produce all Performance Development Summaries and any other related personnel file pertaining to any adjuster that handled the claim at issue here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46**
Please produce all documents related to how adjusters and other related claims handlers are promoted within National.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47**
Please produce all records related to any data stored or generated by Colossus pertaining to this storm event and claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48**
Please produce all records and documents about the identification, observation or description of collateral damage in connection with the property at issue in this lawsuit.

**RESPONSE:**

EXHIBIT C

**REQUEST FOR PRODUCTION NO. 49**
To the extent that you claim a privilege over any documents, please provide a privilege log in accordance with the Texas Rules of Civil Procedure.

**RESPONSE:**

EXHIBIT C

**REQUEST FOR ADMISSIONS TO NATIONAL**

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss, the Property sustained damages caused by a windstorm.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss, the Property sustained damages caused by a hailstorm

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss, the Policy was in full force and effect.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss, all premiums were fully satisfied under the Policy.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost value policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit that the Policy is an actual cash value policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

    **RESPONSE:**

**EXHIBIT C**

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff timely submitted the Claim.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

    **RESPONSE:**

EXHIBIT C

**REQUEST FOR ADMISSION NO. 14:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that you reinsured the risk under Plaintiff's Policy.

**RESPONSE:**

EXHIBIT C

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah M. Wexler*
Noah M. Wexler
Texas State Bar No. 24060816
Roland Christensen
Texas State Bar No. 24101222
Jake Balser
Texas State Bar No. 24109155
Jacob Karam
Texas State Bar No. 24105653
Adam Lewis
Texas State Bar No. 24094099
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com

*ATTORNEYS FOR PLAINTIFFS*

**_PLEASE SERVE WITH PLAINTIFF'S ORIGINAL PETITION_**

EXHIBIT C



EXHIBIT C



HEATHER B. MARKS
DISTRICT CLERK
SAN PATRICIO COUNTY
P.O. BOX 1084
SINTON, TEXAS 78387

*2958416*

NOAH M. WEXLER
ATTORNEY AT LAW
ARNOLD & ITKIN LLP
6009 MEMORIAL DRIVE
HOUSTON TX 77007



NOV 21 2019
Sandra Ford

# CITATION

TO:   **National General Assurance Company**
      P.O. BOX 3199
      WINSTON SALEM, NC 27102

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued the citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

Said ANSWER may be filed by mailing same to: District Clerk of San Patricio County, P.O. Box 1084, Sinton, TX 78387 or by bringing it to the District Clerk's Office located on the second floor of the Courthouse at 400 W. Sinton St., Sinton, TX. The said petition was filed in this case on June 06, 2019, numbered **S-19-5573CV-C** on the docket of said Court, and styled,

**Bonnie Gilbert vs. National General Assurance Company**

The nature of Plaintiff's demand is fully shown by a true and correct copy of **PLAINTIFF'S ORIGINAL PWTTION AND PLAINTIFF'S FIRSTSET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANT** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Sinton, Texas this on this the 12th day of June, 2019.

Heather B. Marks, District Clerk
San Patricio County, Texas

By: _Ruby Rodriguez_
       Ruby Rodriguez, Deputy

CAUSE NO. S-19-5573CV-C

| | | | |
|---|---|---|---|
| BONNIE GILBERT, | § | | |
| **PLAINTIFF** | § | | |
| | § | IN THE   343RD DISTRICT COURT | |
| VS. | § | | |
| | § | SAN PATRICIO COUNTY, TX | |
| NATIONAL GENERAL ASSURANCE | § | | |
| COMPANY, | § | | |
| **DEFENDANT** | § | | |

DECLARATION OF MAILING

**On November 06, 2019 at 09:14 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAITNIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANT **CAME TO HAND.**

**ON November 20, 2019 at 10:18 AM** - THE ABOVE-NAMED DOCUMENTS WERE DELIVERED TO: **NATIONAL GENERAL ASSURANCE COMPANY** AT **PO BOX 3199, WINSTON-SALEM, FORSYTH COUNTY, NO 27102** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER #** 9314 7699 0430 0065 5056 91

My name is Orlando M Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas on Tuesday, November 26, 2019.


**/S/ Orlando M Ochoa**


Processed On: 11/26/2019 9:35 AM
By:Melinda Barrientes, Deputy Clerk

Filed 11/26/2019 9:33 AM
Heather B. Marks
District Clerk
San Patricio County, Texas

Client Reference#: Harvey-Boonni

DocID: 268291-001

EXHIBIT E

Return Receipt (Form 3811) Barcode

9590 9699 0430 0065 5056 93

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:

NATIONAL GENERAL ASSURANCE COMPANY
PO BOX 3199
WINSTONSALEM, NC 27102

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information

268-

2. Certified Mail (Form 3800) Article Number
9314 7699 0430 0065 5056 91

PS Form 3811, Facsimile, July 2015                 Domestic Return Rec

EXHIBIT E

HEATHER B. MARKS
DISTRICT CLERK
SAN PATRICIO COUNTY
P.O. BOX 1084
SINTON, TEXAS 78387



ORIGINAL

NOAH M. WEXLER
ATTORNEY AT LAW
ARNOLD & ITKIN LLP
6009 MEMORIAL DRIVE
HOUSTON TX  77007

# CITATION

TO:    **National General Assurance Company**
        P.O. BOX 3199
        WINSTON SALEM, NC  27102

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued the citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

Said ANSWER may be filed by mailing same to:  District Clerk of San Patricio County, P.O. Box 1084, Sinton, TX 78387 or by bringing it to the District Clerk's Office located on the second floor of the Courthouse at 400 W. Sinton St., Sinton, TX.  The said petition was filed in this case on June 06, 2019, numbered **S-19-5573CV-C** on the docket of said Court, and styled,

#### Bonnie Gilbert vs. National General Assurance Company

The nature of Plaintiff's demand is fully shown by a true and correct copy of **PLAINTIFF'S ORIGINAL PWTTION AND PLAINTIFF'S FIRSTSET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANT** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Sinton, Texas this on this the 12th day of June, 2019.

Heather B. Marks, District Clerk
San Patricio County, Texas

By: _Ruby Rodriguez_ _____
Ruby Rodriguez, Deputy

**EXHIBIT E**

## RETURN OF SERVICE

**S-19-5573CV-C     343rd District Court**
**Bonnie Gilbert vs. National General Assurance Company**
Executed when copy is delivered:

**ADDRESS FOR SERVICE**
    P.O. BOX 3199
    WINSTON SALEM, NC  27102

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____o'clock ___.m., and executed in
_____County, Texas by delivering to each of the within defendants in person, a true copy of this citation
issued on 6/12/2019 with the date of delivery endorsed thereon, together with the accompanying copy of the **PLAINTIFF'S**
**ORIGINAL PWTTION AND PLAINTIFF'S FIRSTSET OF INTERROGATORIES, REQUESTS FOR**
**PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANT**, at the following times and places, to-
wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|-----------|------------------------------------------|
|      |           |                                          |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

_____

and the cause of failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Fees: _____, Officer
Serving Petition and Copy $_____      _____, County, Tx
Total                  $_____      _____, Deputy

                                    _____
                                            Affiant
**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the
statement below in substantially the following form :
"My name is_____, my date of birth is _____, and my
        (First, Middle, Last)
Address is _____.
        (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____, County, State of _____, on the _____ day of
_____.

                        _____
                        Declarant/Authorized Process Server

                        _____
                        ID# & Expiration of Certification

**EXHIBIT E**

CAUSE NO. S-19-5573CV-C

| | | |
|---|---|---|
| BONNIE GILBERT, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | SAN PATRICIO COUNTY, TEXAS |
| | § | |
| NATIONAL GENERAL ASSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | 343rd JUDICIAL DISTRICT |

## DEFENDANT NATIONAL GENERAL ASSURANCE COMPANY'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS, AND AFFIRMATIVE DEFENSES

Defendant National General Assurance Company ("NGAC") files this Original Answer, Special Exceptions, and Affirmative Defenses in response to Plaintiff's Original Petition, and would respectfully show the following:

### I.
### GENERAL DENIAL

1.1    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, NGAC generally denies each and every, all and singular, the allegations stated in Plaintiff's Original Petition, and since they are allegations of fact, demand strict proof thereof by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

### II.
### SPECIAL EXCEPTIONS

2.1    NGAC specially excepts to paragraph 14 because Plaintiff did not give NGAC fair notice of his breach of contract claim. Specifically, Plaintiff's petition does not provide fair notice of what specific provision(s) of the contract were allegedly breached and how its conduct breached the contract. Instead, she relies solely on general and conclusory allegations related to

Processed On: 12/6/2019 4:49 PM
By:Ruby Rodriguez, Deputy Clerk

Filed 12/6/2019 4:22 PM
Heather B. Marks
District Clerk
San Patricio County, Texas

7550340v1
04343.258

**EXHIBIT F**

an alleged wrongful denial and/or underpayment. By not providing this information, Plaintiff has failed to give NGAC fair notice of the alleged breach.

2.2     NGAC specially excepts to paragraphs 15 through 16 because Plaintiff did not give NGAC fair notice of his Prompt Payment claim. Specifically, Plaintiff's allegations consists predominantly of legal conclusions and parroting the language of the statute, and fails, as a matter of law, to allege facts establishing a prima facie case against NGAC on its causes of action for violations of the Chapter 542 of the Texas Insurance Code. Further, it is so vague, broad, and global as to deprive NGAC of its due process rights to adequately prepare a defense.

2.3     NGAC further specially except to paragraphs 17 through 21 because Plaintiff did not give NGAC fair notice of her Bad Faith claim. Specifically, Plaintiff's allegations consist predominantly of legal conclusions and contentions, and fails, as a matter of law, to allege facts establishing a prima facie case against NGAC on its cause of action. Further, it is so vague, broad, and global as to deprive NGAC of its due process rights to adequately prepare a defense.

2.4     NGAC specially excepts to paragraph 25 because it did not state that she gave proper notice as required by Tex. Ins. Code § 541.154.

### III.
### AFFIRMATIVE DEFENSES

3.1     Without waiving the foregoing, NGAC assert the following affirmative defenses:

3.2     Plaintiff has failed to satisfy all conditions precedent to filing her claims under the terms of the insurance policy.

3.3     NGAC did not breach any duties allegedly owed to Plaintiff under the insurance contract and at all times acted reasonably and in good faith.

3.4     NGAC will show that Plaintiff's damages, if any, are unrelated to any act, error, or omission by NGAC, and that NGAC's actions were not the proximate or producing cause of any of Plaintiff's alleged damages.

3.5     Plaintiff's alleged damages are the result of an intervening, superseding, or independent cause for which NGAC have no responsibility.

3.6     NGAC assert that it has not violated section 542 of the Texas Insurance Code and have at all times complied with the time frame required under that statute.

3.7     NGAC further plead that Plaintiff's claims are barred by the doctrines of waiver, ratification, judicial estoppel, equitable estoppel, quasi-estoppel, and accord and satisfaction.

3.8     Plaintiff's claims are barred and/or premature to the extent they failed to comply with all terms and conditions of the insurance policy at issue. NGAC asserts all terms, conditions, provisions, limitations, requirements, and exclusions of the Policy. Without limitation, Plaintiff's claims may be barred and/or limited by the following Policy provisions:

### PERSONAL AUTOMOBILE POLICY

* * *

**DEFINITIONS**

* * *

J.   "**Diminution in value**" means: the actual or perceived reduction, if any, in the **actual cash value** by reason of the fact that the property has been damaged and repaired.

* * *

L.   "**Loss**" means: sudden, direct, and accidental destruction or damage. "**Loss**" does not include **diminution in value**.

* * *

**PART D – COVERAGE FOR DAMAGE TO YOUR AUTO**

**INSURING AGREEMENT**

A.   If **you** pay a premium for this coverage, we will pay for direct and accidental **loss** to your covered auto or any **non-owned auto**, including their equipment. **We** will pay for **loss** to **your covered auto** caused by: '

1.   **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

---

### EXHIBIT F

2. **Other Than Collision** only if the Declarations indicate that Other Than Collision Coverage is proved for that **auto**.

If there is a loss to a **non-owned auto**, **we** will provide the broadest coverage applicable to any of **your covered autos** shown in the Declarations provided, the **non-owned auto** would be eligible for coverage pursuant to **our** underwriting criteria.

**Our** payment will be reduced by any deductible shown in the Declarations.

B. "Collision" means the upset of your covered auto or a non-owned auto or its impact with another vehicle or object.

C. "Other Than Collision" means loss caused by the following:

1. Missiles or falling objects;

2. Fire;

3. Theft or larceny;

4. Explosion or earthquake;

5. Windstorm;

6. Hail, water or flood;

7. Malicious mischief or vandalism;

8. Riot or civil commotion;

9. Contact with bird or animal; or

10. Breakage of glass, except as a result of collision.

* * *

**Exclusions**

We will not pay for:

* * *

2. Damage due and confined to:

a. wear and tear;

b. freezing;

c. mechanical or electrical breakdown or failure; or

d. road damage to tires.

This exclusion does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto**.

* * *

---

Defendant National General Assurance Company's Original Answer, Special Exceptions, and Affirmative Defenses      Page 4

**EXHIBIT F**

3.9    NGAC plead that they are entitled to an offset or credit for any payments previously made under the NGAC policy or by a third party for damages claimed in this lawsuit.

3.10    Plaintiff is not entitled to an award of punitive damages.  In the unlikely event that Plaintiff is awarded damages in this matter, punitive or exemplary damages must be limited to the greater of: (1) two times the amount of economic damages, plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practices & Remedies Code §41.002-41.009.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant National General Assurance Company pray that upon final trial and hearing hereof, Plaintiff recovers nothing from NGAC, but that NGAC go hence without delay and recover costs of court and other such further relief, both general and special, to which NGAC may be justly entitled.

Additionally, NGAC asks the Court to set its special exceptions for hearing and, after the hearing, sustain their special exceptions and order Plaintiff to replead and cure her pleading defects and, if Plaintiff does not cure her defects, strike the defective portions of Plaintiff's pleading.

Respectfully submitted,

*/s/ Harrison H. Yoss*
Harrison H. Yoss
Texas Bar No. 22169030
hyoss@thompsoncoe.com
Matthew J. Kolodoski
State Bar No. 24081963
mkolodoski@thompsoncoe.com

**EXHIBIT F**

THOMPSON, COE, COUSINS & IRONS, L. L. P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:      (214) 871-8200
Fax:            (214) 871-8209

**ATTORNEYS FOR NATIONAL GENERAL
ASSURANCE COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on December 6, 2019, a copy of this document was served on all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

Noah M. Wexler
Roland Christensen
Jake Balser
Jacob Karam
Adam Lewis
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com
*Attorneys for Plaintiff Bonnie Gilber*

*/s/ Matthew J. Kolodoski*
Matthew J. Kolodoski

**EXHIBIT F**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BONNIE GILBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| NATIONAL GENERAL ASSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## LIST OF PARTIES AND COUNSEL

**Plaintiff, Bonnie Gilbert, is represented by:**
Noah M. Wexler
Texas State Bar No. 24060816
Roland Christensen
Texas State Bar No. 24101222
Jake Balser
Texas State Bar No. 24109155
Jacob Karam
Texas State Bar No. 24105653
Adam Lewis
Texas State Bar No. 24094099
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com

**Defendant, National General Assurance Company, is represented by:**
Harrison H. Yoss
Texas Bar No. 22169030
Matthew J. Kolodoski

**LIST OF PARTIES AND COUNSEL**                                                                 1

7572176v1
04343.258

EXHIBIT G

State Bar No. 24081963
THOMPSON, COE, COUSINS & IRONS, L. L. P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Fax: (214) 871-8209
hyoss@thompsoncoe.com
mkolodoski@thompsoncoe.com

EXHIBIT G